**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| TAYLOR SHELTON, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 3:21-cv-408 |
| SUPERVALU INC., and UNITED NATURAL FOODS, INC., | ) ) ) | JURY DEMANDED |
| Defendants. | ) ) | |

## NOTICE OF REMOVAL

Defendants Supervalu Inc. ("Supervalu") and United Natural Foods, Inc. ("UNFI") (collectively, "Defendants"), file this Notice of Removal of this action from the Circuit Court of Madison County, Illinois, to the United States District Court for the Southern District of Illinois, East St. Louis Division, pursuant to 28 U.S.C. §§ 1332(d), 1441, 1446, and 1453.

## I.    INTRODUCTION

1.    Plaintiff Taylor Shelton alleges that Defendants have violated the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") and been unjustly enriched by selling various Essential Everyday-brand ground coffee products (collectively, the "Products") in containers that incorrectly state the number of cups of coffee each container yields.

2.    The complaint was filed in the Circuit Court of Madison County on or about March 8, 2021, a true and correct copy of which is attached hereto as **Exhibit A**.

3.    Plaintiff Taylor Shelton is a citizen of Illinois. (*See* Compl. ¶ 5.)

4.    At the time this lawsuit was filed and at all times since, UNFI was and is a corporation organized under the laws of the State of Delaware with its principal place of business in Providence, Rhode Island. (Compl. ¶ 6.) Therefore, at the time this action was filed and at all

times since, UNFI was a citizen of Delaware and Rhode Island. 28 U.S.C. § 1332(c)(1).

5.    At the time this lawsuit was filed and at all times since, Supervalu was and is a corporation organized under the laws of the State of Delaware with its principal place of business in Eden Prairie, Minnesota. (Compl. ¶ 7.) Therefore, at the time this action was filed and at all times since, Supervalu was a citizen of Delaware and Minnesota. 28 U.S.C. § 1332(c)(1).

6.    Plaintiff seeks actual and punitive damages, disgorgement, restitution, injunctive relief, attorneys' fees, and costs for herself and on behalf of a proposed class of "[a]ll consumers within the State of Illinois who purchased one or more of the Class Products in Illinois during the Class Period." (Compl. ¶ 42, Prayer for Relief.)

7.    The "Class Period" is the time period "within the statute of limitations for this action and extending until a Class is certified[.]" (Compl. ¶ 45.)

8.    This case may be removed pursuant to 28 U.S.C. § 1332(d) as it is a proposed class action in which the putative class consists of at least 100 members, there is minimal diversity, and the amount in controversy exceeds $5,000,000, exclusive of interest and costs.

## II.    VENUE

9.    Venue is proper in this Court under 28 U.S.C. § 1441(a) because the removed action was filed in the Circuit Court of Madison County, Illinois, a court encompassed by the Southern District of Illinois, East St. Louis Division.

## III.    REMOVAL PURSUANT TO CLASS ACTION FAIRNESS ACT OF 2005

10.    This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(d). Under the Class Action Fairness Act ("CAFA"), federal district courts have original jurisdiction when: (1) the putative class consists of at least 100 members; (2) the citizenship of at least one proposed class member is different from that of any defendant; and (3) the aggregated amount in controversy exceeds $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d).

### A.  There Are More Than 100 Putative Class Members

11.  Plaintiff purports to represent a class of "[a]ll consumers within the State of Illinois who purchased one or more of the Class Products in Illinois during the Class Period." The "Class Period" is the time period "within the statute of limitations for this action and extending until a Class is certified[.]" (Compl. ¶¶ 42, 45.)

12.  Plaintiff's complaint identifies numerous Essential Everyday-brand ground coffee products sold in Illinois during the putative class period. (Compl. ¶¶ 18-20.)

13.  Plaintiff alleges that Supervalu is "one of the largest American wholesaler and retailer of grocery products." (Compl. ¶ 10.)

14.  More than 100 persons have purchased one or more of the Products in Illinois during the five years[1] preceding the filing of this lawsuit. Accordingly, there are more than 100 putative class members.

### B.  Minimal Diversity Exists Between the Parties

15.  Plaintiff is a citizen of Illinois. (*See* Compl. ¶ 5.) UNFI is a citizen of Delaware and Rhode Island. (*See* Compl. ¶ 6.) Supervalu is a citizen of Delaware and Minnesota. (*See* Compl. ¶ 6.) Therefore, diversity of citizenship exists. 28 U.S.C. § 1332(d)(2)(A).

### C.  The Amount in Controversy Exceeds $5 Million in the Aggregate

16.  Under 28 U.S.C. § 1332(d)(2), an action is removable under CAFA when "the matter in controversy exceeds the sum or value of $5,000,000[.]"  To determine whether the matter in controversy exceeds the sum or value of $5,000,000, "the claims of the individual class members shall be aggregated[.]" *Id.* § 1332(d)(6).

---

[1] Plaintiff's unjust enrichment claim is subject to a five-year statute of limitations. *Blanchard & Assocs. v. Lupin Pharms., Inc.*, 900 F.3d 917, 922 (7th Cir. 2018) (citing 735 Ill. Comp. Stat. 5/13-205; *Mann v. Thomas Place, L.P.*, 976 N.E.2d 554, 557 (Ill. App. Ct. 2012)).

17.    The removing party does not need to establish what damages the plaintiff will recover, but only how much is in controversy. *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 448 (7th Cir. 2005). For purposes of removal, Defendants need only make a "plausible allegation" that the amount in controversy exceeds $5 million. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). A "good-faith estimate" is sufficient. *Blomberg v. Service Corp. Int'l*, 639 F.3d 761, 763 (7th Cir. 2011). Once a defendant makes such a showing, "the case belongs in federal court unless it is legally impossible for the plaintiff to recover that much." *Spivey v. Vertrue, Inc.*, 528 F.3d 982, 986 (7th Cir. 2008). In other words, "the court has subject matter jurisdiction unless it is clear 'beyond a legal certainty that the plaintiff would under no circumstances be entitled to recover the jurisdictional amount.'" *Walsh Chiropractic, Ltd. v. StrataCare, Inc.*, 752 F. Supp. 2d 896, 902 (S.D. Ill. 2010) (quoting *Cadek v. Great Lakes Dragaway, Inc.*, 58 F.3d 1209, 1212 (7th Cir. 1995)).

18.    Assuming the truth of the allegations in the complaint, there is more than $5 million in controversy, as required for removal by 28 U.S.C. § 1332(d)(2).[2]

19.    Plaintiff purports to represent a class of "[a]ll consumers within the State of Illinois who purchased one or more of the Class Products in Illinois during the Class Period," i.e., during the five years preceding the lawsuit, through the time any class would be certified. (Compl. ¶¶ 42, 45.)

20.    Plaintiff alleges that she and the putative class have overpaid for the Products and that Defendants have wrongfully retained her and the putative class members' purchase price.

---

[2] By alleging here that Plaintiff might legally recover a judgment exceeding the jurisdictional amount in controversy, Defendants neither confess any liability nor admit the appropriate amount of damages if found liable for any part of Plaintiff's claims. Defendants are only stating what the stakes of the litigation could be. *Brill*, 427 F.3d at 449 ("Countrywide did not have to confess liability in order to show that the [amount in] controversy exceeds the threshold.").

(Compl. ¶¶ 40-41, 66, 76, 84-86.) Among other things, Plaintiff seeks "full disgorgement and restitution of the amounts Defendants have retained" as a result of the alleged conduct. (Compl. ¶ 88.) Plaintiff does not allege the specific amount sought, but these allegations, taken as true for purposes of determining diversity jurisdiction under CAFA, plausibly indicate an amount in controversy exceeding $5 million.

21.     The Products at issue include Essential Everyday ground coffee products in several varieties and sizes, including, among others, Classic Roast, French Roast, Supreme Blend, 100% Colombian, and Breakfast Blend. (Compl. ¶¶ 20, 22-23.) Retail sales of the Products in Illinois have been approximately $480,000 during the past five years. Assuming that it could be one year before any class is certified, retail sales of the Products for the proposed class period would likely exceed $560,000.

22.     In addition to restitution and actual damages, Plaintiff seeks punitive damages and injunctive relief (including a corrective advertising campaign) (*see* Prayer for Relief), both of which are included for purposes of determining the amount in controversy. *See Keeling v. Esurance Inc. Co.*, 660 F.3d 273, 274-75 (7th Cir. 2011); *Sabrina Roppo v. Travelers Comm. Ins. Co.*, 869 F.3d 568, 582 (7th Cir. 2017); *Rauschkolb v. Chattem, Inc.*, 2016 WL 403495, at *2 (S.D. Ill. Feb. 3, 2016).

23.     Federal courts in Illinois have recognized that it is plausible for a defendant to be liable for punitive damage awards using multipliers of nine, and even higher. *Keeling*, 660 F.3d at 275 (recognizing single-digit ratio); *Robinson v. Avanquest North. Am. Inc.*, 2015 WL 196343, at *4-5 (N.D. Ill. Jan. 13, 2015) (same); *Johnson v. Pushpin Holdings, LLC*, 2014 WL 3953451, at *2-3 (N.D. Ill. Aug. 13, 2014) (recognizing 9:1 ratio); *see Mathias v. Accor Economy Lodging, Inc.*, 347 F.3d 672 (7th Cir. 2003) (affirming 37:1 ratio). A 9:1 multiplier here would be $5,040,000

(9 x $560.000). Accordingly, the potential actual and punitive damages alone satisfy the amount in controversy.

24.     The Court must also consider the value of the injunctive relief Plaintiff seeks. *Keeling*, 660 F.3d at 274. Plaintiff seeks "injunctive relief as permitted by law or equity, including, but not limited to, enjoining Defendants from continuing the unlawful practices … and ordering Defendants to engage in a corrective advertising campaign." (Prayer for Relief.) As another court in this district found, the cost of "a corrective advertising campaign, a label change, and removing products from the shelf" would be "significant." *Rauschkolb*, 2016 WL 403495, at *3. In addition, there is the value of the prospective relief to future purchasers of the Products, which also would be significant. *See Keeling*, 660 F.3d at 274; *Macken v. Jensen*, 333 F.3d 797, 799-800 (7th Cir. 2003) (finding that injunctive relief may be valued from the perspective of "what the plaintiff stands to gain, or what it would cost the defendant to meet the plaintiff's demand").

25.     Taking into account the sales of the Products during the proposed class period, and the possibility of substantial awards for punitive damages and injunctive relief, the total amount in controversy exceeds $5 million.

## IV.     COMPLIANCE WITH PREREQUISITES FOR REMOVAL

26.     A completed civil cover sheet is attached hereto as **Exhibit B**. Pursuant to 28 U.S.C. § 1446(a), attached hereto as **Exhibit C** is a true and correct copy of all other process, pleadings, and orders served upon Defendants in this matter.

27.     Pursuant to 28 U.S.C. § 1446(d), promptly upon filing of this Notice of Removal, copies thereof will be sent to Plaintiff's counsel and filed with the Clerk of the Court in the state court action.

28.     Defendants reserve the right to amend or supplement this Notice of Removal, and reserve all rights and defenses, including those available under Federal Rule of Civil Procedure

12.

29.     This Notice of Removal is timely. Supervalu was served with a summons and copy

of the complaint on or about March 26, 2021. UNFI was served with a summons and copy of the

complaint on or about March 29, 2021.

## V.     JURY DEMAND

30.     Plaintiff has demanded a trial by jury in this action. Defendants also demand a trial

by jury in this action on all issues.

WHEREFORE, Defendants Supervalu Inc. and United Natural Foods, Inc. give notice of

the removal of this action from the Circuit Court of Madison County, Illinois, to the United States

District Court for the Southern District of Illinois, East St. Louis Division.

Dated:  April 23, 2021                          Respectfully submitted,

                                                SHOOK, HARDY & BACON L.L.P.

                                        By:     _/s/ William F. Northrip_____
                                                William F. Northrip, IL Bar No. 6315998
                                                111 S. Wacker Drive, Suite 4700
                                                Chicago, Illinois 60606-4314
                                                Telephone:  (312) 704-7700
                                                Facsimile:  (312) 558-1195
                                                wnorthrip@shb.com

                                                James P. Muehlberger
                                                (*pro hac vice motion forthcoming*)
                                                Douglas B. Maddock, Jr.
                                                (*pro hac vice motion forthcoming*)
                                                Shook, Hardy & Bacon L.L.P.
                                                2555 Grand Blvd.
                                                Kansas City, Missouri 64108
                                                Telephone:  (816) 474-6550
                                                Facsimile:  (816) 421-5547
                                                jmuehlberger@shb.com
                                                dmaddock@shb.com

                                                *Attorneys for Defendants Supervalu Inc. and United*
                                                *Natural Foods, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 23, 2021, the foregoing document was served upon the following via the Court's electronic filing system and/or electronic mail:

Mark C. Goldenberg
Thomas P. Rosenfeld
Kevin P. Green
GOLDENBERG HELLER & ANTOGNOLI, P.C.
2227 South State Route 157
Edwardsville, Illinois 62025
mark@ghalaw.com
tom@ghalaw.com
kevin@ghalaw.com

Richard S. Cornfeld
Daniel S. Levy
LAW OFFICE OF RICHARD S. CORNFELD, LLC
1010 Market Street, Suite 1645
St. Louis, Missouri 63101
rcornfeld@cornfeldlegal.com
dlevy@cornfeldlegal.com

*Attorneys for Plaintiff*

*/s/ William F. Northrip*

# EXHIBIT A

***EFILED***
Case Number 2021L 000296
Date: 3/8/2021 3:20 PM
Thomas McRae
Clerk of Circuit Court
Third Judicial Circuit, Madison County Illinois

## IN THE CIRCUIT COURT
## THIRD JUDICIAL CIRCUIT
## MADISON COUNTY, ILLINOIS

TAYLER SHELTON, individually and on behalf of all others similarly situated,

      Plaintiff,

v.

SUPERVALU INC., and UNITED NATURAL FOODS, INC.

      Defendants.

2021L 000296

Case No.: 21-L-_____

**JURY TRIAL DEMANDED**

### CLASS ACTION COMPLAINT

Plaintiff Tayler Shelton ("Plaintiff"), individually, and on behalf of all others similarly situated, brings this putative class action against Defendants SuperValu Inc. ("SuperValu") and United Natural Foods, Inc. ("UNFI") (collectively "Defendants"), and states as follows:

### NATURE AND SUMMARY OF THE ACTION

1.      This action arises out of misrepresentations and deception by Defendants in marketing, labeling, and selling their Essential Everyday-brand ground coffee in canisters that grossly overstate the number of cups of coffee that can be made from their contents.

2.      These canisters each contain a representation that the contents are sufficient to make a specified number of cups.  However, using the directions for making coffee on the canister, the contents are insufficient to make the number of cups advertised.

3.      For example, some of the canisters of Essential Everyday-brand ground coffee state that they will make 210 six-fluid ounce cups of coffee.  These canisters contain directions to make coffee by using one tablespoon of ground coffee for each six-fluid ounce cup of coffee.

However, using that method, the contents of the canisters will make no more than 137 six-fluid ounce cups of coffee—only 65% of the amount advertised.

4.      Plaintiff, Tayler Shelton, who has suffered an ascertainable loss from Defendants' misrepresentations and unfair practices, brings this action on behalf of herself and other similarly situated consumers.

## THE PARTIES

5.      Plaintiff Tayler Shelton is domiciled in Montgomery County, Illinois.

6.      Defendant UNFI is a Delaware corporation with its principal place of business in Providence, Rhode Island.

7.      Defendant SuperValu is a Delaware corporation with its principal place of business in Eden Prairie, Minnesota.

## JURISDICTION AND VENUE

8.      This Court has personal jurisdiction over Defendants because Defendants regularly and purposefully direct their activities at residents of Illinois, and the litigation results from alleged injuries that arise out of or relate to those activities.

9.      Venue is proper in this Court because Defendants are doing business in and, therefore, are residents of, Madison County, Illinois.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

### SuperValu

10.      SuperValu is one of the largest American wholesaler and retailer of grocery products.

11.      SuperValu manufactures, packages, labels, and distributes more than 250,000 products, including: (1) grocery and general merchandise; (2) produce; (3) perishables and

frozen foods; (4) nutritional supplements and sports nutrition; (5) bulk and food service products; and (6) personal care items.

12. SuperValu manufacturers, packages, labels, and distributes ground coffee under various brandnames, including Essential Everyday, Field Day, Shoppers Value, and Springfield.

## UNFI

13. UNFI is a North American wholesale food and meat distributor of bulk foods and products to the grocery stores within its chain. UNFI delivers products to customer locations throughout North America, including natural product superstores, independent retailers, conventional supermarket chains, ecommerce retailers, and food service customers.

## UNFI Acquires SuperValu

14. In or about October 2018, UNFI acquired SuperValu for approximately $2.9 billion, including the assumption of all outstanding debt and liabilities.

15. Since July 25, 2018, SuperValu has operated as a wholly owned subsidiary of UNFI, with the pair manufacturing, packaging, labeling, distributing, and selling ground coffee under the Essential Everyday brand.

## The Class Products

16. Defendants manufacture, label, market, promote and sell ground coffee in canisters under their Essential Everyday brand across the United States, including in Illinois.

17. UNFI's 2019 10-K describes Essential Everyday as a "core brand" of its "private-label products."

18. UNFI and Supervalu manufacture, label, sell and distribute Essential Everday coffee both to wholesale customers and through Supervalu-operated retail stores to shoppers.

19.     Defendants' Essential Everyday ground coffee is sold in canisters and bags (the "Products"). Each Product that is sold in a canister is referred to herein as a "Class Product" (collectively the "Class Products").

20.     The Class Products are sold in various sizes—including 10.3 oz., 11.3 oz., 24.2 oz., 25.4 oz., 27.8 oz., 30.5 oz., 33.9 oz.—and various flavors—including Classic Roast, French Roast, Supreme Blend, 100% Columbian, and Breakfast Blend.

21.     The front of the Class Products prominently represents an amount of six-fluid ounce cups that can be made from the canisters' contents.

22.     For example, in Plaintiff's case, the Class Product purchased—the 24.2 oz. Essential Everyday Supreme Blend—prominently states on its label that it "MAKES UP TO 210 6 FL OZ CUPS," as shown below:



23.     Here are images of other Class Products showing similar representations:

 

 

 

 

24.     As can be seen, the number of cups that Defendants represent can be made depends on the size of the canister of the Class Products.  The 33.9 oz can represents that 270 cups can be made; the 30.5 oz. and 27.8 oz. cans represent that 240 cups can be made; the 25.4 oz. and 24.2 oz. cans represent that 210 cups can be made; and the 11.3 oz. and 10.3 oz. cans represent that 90 cups can be made.

25.     Those representations, and all similar representations, on the Class Products about the number of cups that can be made are false.

26.     The preparation directions on the back of the Class Products direct consumers to use two methods to prepare their coffee.  To make one six-fluid ounce cup, the consumer is to use one tablespoon of ground coffee, and to make ten cups, the consumer is to use half a measuring cup, as shown below:



SUPREME BLEND provides a bold and full bodied taste experience. We traditionally roast our coffee in batches that take into account the natural variations in coffee beans. This allows us to produce coffee the time honored way, with no unnecessary steps. We believe the best tasting coffee is rich and full flavored — not complicated. With just one sip we know you will agree.

### PREPARATION DIRECTIONS
#### FOR BEST RESULTS, WE RECOMMEND:

| SERVINGS | COLD WATER | GROUND COFFEE |
|---|---|---|
| 1 serving | 6 fluid ounces; ¾ cup | 1 tablespoon |
| 10 servings | 7½ cups | ½ measuring cup |

Vary these measurements to suit your taste.

TIPS:
• To help preserve flavor and aroma, store in an airtight container in a cool, dry place.
• For stronger coffee, add an additional 1 tablespoon coffee for every 10 servings.
• Serve immediately for maximum taste and aroma.

27.     However, those instructions will not produce the number of six-fluid ounce cups of coffee represented on the package.

28.     One tablespoon of ground coffee weighs five grams.[1]  Using the Class Products' one-cup instruction to use one tablespoon of ground coffee per six-fluid ounce cup of coffee, the 24.2 ounce/686 gram-sized Class Products will produce only 137.2 (or approximately 137) cups of coffee, **73 cups fewer than the 210 advertised** prominently on the Class Products.

29.     The table below shows, for each of the above-referenced sizes of Class Products, the number of cups Defendants represent can be made compared to the actual number that the canister will make based on the above instructions, along with the difference, meaning the number of cups the consumer paid for but didn't receive:

---

[1] https://www.homegrounds.co/how-to-measure-coffee/#:~:text=There%20is%20approximately%205%20grams%20of%20ground%20coffee%20per%20tablespoon. (accessed on Feb. 17, 2021).

| Class Product Size (oz./grams) | Represented yield | Actual yield | Difference |
|---|---|---|---|
| 10.3 oz./292 g. | 90 cups | 58 cups | 32 cups |
| 11.3 oz./320 g. | 90 cups | 64 cups | 26 cups |
| 24.2 oz./686 g. | 210 cups | 137 cups | 73 cups |
| 25.4 oz./720 g. | 210 cups | 144 cups | 66 cups |
| 27.8 oz./788 g. | 240 cups | 158 cups | 82 cups |
| 30.5 oz./864 g. | 240 cups | 173 cups | 67 cups |
| 33.9 oz./961 g. | 270 cups | 192 cups | 78 cups |

30.     Defendants' representations regarding the number of cups its canisters of Class Products will make are unfair, misleading, and/or deceptive because a reasonable consumer like Plaintiff expects that if the Class Products' preparation directions are followed, the canister will yield the number of cups of coffee prominently displayed on the packaging.

31.     By placing the representation regarding the number of cups the canister will make in such a prominent position on the packaging of the Class Products, Defendants intended that consumers would rely on it when deciding to purchase the product.

32.     Defendants' conduct is especially egregious when considered in the context of other brands of coffee, including some of Defendants' other brands.  Not all brands of coffee sold in canisters contain a representation regarding the number of cups that can be made from the contents, much less a false representation.

33.     For example, Maxwell House's "Houses for Heroes," Folgers Noir, and Chock full o' Nuts coffee are sold in cans that do not contain such a representation:



34.     In addition, Defendants have other brands of coffee sold in cans and bags that do not include a representation of the number of cups that can be made from the contents, such as the Shoppers Value brand and Field Day brand shown below:



35.     Other competitors of Defendants' Essential Everyday brand sell coffee in cans that display the number of cups that can be made from the contents without overstating that number. For example, Dunkin Original Blend coffee is sold in a 30 oz. canister that represents it

9

will make only up to 100 six-fluid oz. cups even though, by using the directions on the canister, one could actually make 113 cups:

 

36. These examples of ground-coffee products that do not misrepresent the number of cups that can be made from their contents—and, in many cases, do not even show the number of such cups—demonstrate that there is no legitimate commercial reason why Defendants display the number of cups that can be made from some of its coffee products and misrepresent that fact.

## **Plaintiff Purchases the Class Product**

37. In March or April of 2020, Plaintiff was shopping at a Capri IGA in Hillsboro, Illinois.

38. While shopping for ground coffee at Capri IGA, Plaintiff was exposed to and read the label for the Class Products, including the representation regarding the number of six-fluid ounce cups of coffee that could be made from the canister.

39. At all times, Plaintiff believed and had a reasonable expectation that the labeling on the Class Products was truthful and accurate.

40.     As a direct result of Defendants' misrepresentations of the number of cups that can be made from the Class Products as set forth above, Plaintiff and other members of the Class have been deprived of the benefit of the bargain in purchasing these products because the Class Products had less value than represented.

41.     Consequently, Plaintiff and members of the Class have suffered injury and lost money and property in purchasing the products listed above.

## CLASS ACTION ALLEGATIONS

42.     Plaintiff brings this class action pursuant to 735 ILCS 5/2-801 through 5/2-807 on behalf of herself and all others similarly situated, as representative of the following class (the "Class"):

> All consumers within the State of Illinois who purchased one or more of the Class Products in Illinois during the Class Period.

43.     Excluded from the Class are any Defendants, its parents, subsidiaries, affiliates, predecessors, successors, officers, directors, and the immediate family members of such persons. Also excluded are any trial judge who may preside over this action, court personnel and their family members and any juror assigned to this action.

44.     Plaintiff reserves the right to amend or modify the Class definitions with greater specificity or division into subclassses after having had an opportunity to conduct discovery.

45.     The Class Period is that period within the statute of limitations for this action and extending until a Class is certified herein.

46.     The Class is certifiable under 735 ILCS 5/2-801.

47.     **Numerosity.** 735 ILCS 5/2-801(1).  The members of the Class are so numerous that joinder of all members is impracticable.  The determination of the numerosity factor can be made from Defendants' records.

48. **Commonality and Predominance**. 735 ILCS 5/2-801(2). There are questions of law and fact common to the Class, which predominate over any questions affecting individual members of the Class. These common questions of law and fact include, without limitation:

    a. Whether the Class Products sold during the Class Period contained representations regarding the number of cups that could be made from their contents;

    b. Whether Defendants' representations regarding the number of cups that could be made was material;

    c. Whether Defendants' representations regarding the number of cups that could be made constitutes the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact;

    d. Whether Defendants' representations regarding the number of cups that could be made was likely to mislead a reasonable consumer;

    e. Whether Defendants have been unjustly enriched by the retention of profits from the sale of the misleading Class Products that it manufactured, labeled, marketed, sold, and distributed;

    f. Whether Plaintiff and the members of the Class are entitled to an award of compensatory damages and/or restitution and/or disgorgement;

    g. Whether injunctive, declaratory, and/or or other equitable relief is warranted pursuant to the Illinois Consumer Fraud and Deceptive Business Practices Act; and

    h. Whether Plaintiff and the Class are entitled to an award of punitive damages as permitted by the Illinois Consumer Fraud and Deceptive Business Practices Act.

49. **Adequacy**. 735 ILCS 5/2-801(2). Plaintiff is a member of the Class she seeks to represent, is committed to the vigorous prosecution of this action, and has retained competent counsel experienced in the prosecution of class actions. Accordingly, Plaintiff is an adequate representative and will fairly and adeuately protect the interests of the Class.

50. **Appropriateness**. 735 ILCS 5/2-801(4). A class action is an appropraite method for the fair and efficient adjudication of this controversy. Because the amount of each individual

12

Class member's claim is small relative to the complexity of the litigation, and due to the financial resources of Defendants, no Class member could afford to seek legal redress individually for the claims alleged herein.  Therefore, absent a class action, Class members will continue to suffer losses and Defendants' misconduct will proceed without remedy.  Even if Class members could afford such individual litigation, the court system could not.  Given the complex legal and factual issues involved, individualized litigation would significantly increase the delay and expense to all parties and to the Court.  Individualized litigation would also create the potential for inconsistent or contradictory rulings.  By contrast, a class action presents far fewer management difficulties, allows claims to be heard that might otherwise go unheard because of the relative expense of bringing individual lawsuits, and provides the benefits of adjudication, economies of scale, and comprehensive supervision by a single court.  Finally, Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a class action.

51.     **Class Action on Limited Issues.** 735 ILCS 5/2-802(b). Because there are common individual issues among the Class, it is appropriate for this action to be maintained as a class action with respect to particular issues if necessary.

## COUNT I
### Violation of the Illinois Consumer Fraud and Deceptive Business Practices Act
### By Means of Unfair Business Practices – 815 ILCS § 505/1 *et seq.*

52.     Plaintiff incorporates by reference each and every allegation set forth above as if fully set forth herein.

53.     Each Class Product is "merchandise" pursuant to 815 ILCS § 505/1(f).

54.     Plaintiff is a "person" pursuant to 815 ILCS § 404/1(c) because she is an individual.

55.     The advertising, offering for sale, sale, and/or distribution of the Class Products constitutes "trade" or "commerce" pursuant to 815 ILCS § 505/1(f).

56.     Section 2 of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS § 505/2, prohibits unfair methods of competition and unfair or deceptive acts or practices, including, but not limited to, "the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact . . . in the conduct of any trade or commerce . . . whether any person has in fact been misled, deceived or damaged thereby."

57.     Section 2 further prohibits unfair methods of competition and unfair or deceptive acts or practices, including "the use or employment of any practice described in Section 2 of the 'Uniform Deceptive Trade Practices Act[.]"

58.     Section 2 also provides: "In construing this section consideration shall be given to the interpretations of the Federal Trade Commission and the federal courts relating to Section 5(a) of the Federal Trade Commission Act."

59.     As set forth above, Defendants engaged in, *inter alia*, the following practices in transactions with Plaintiff and the Class in Illinois which were intended to result in, and did result in, the sale of the Class Products:

    a.  Falsely stating, misrepresenting, concealing, omitting, and/or suppressing material facts regarding the number of cups that a can of the Class Products can make.

    b.  Representing that the Class Products have characteristics, benefits, and/or quantities that they do not have.

60.     Advertising goods with intent not to sell them as advertised.

61.     Defendants falsely stated, misrepresented, concealed, omitted, and/or suppressed material facts on the Class Products' labels as described above when they knew, or should have known, that the Class Products could not make the number of cups stated on the label.

62.     The acts and practices engaged in by Defendants, as set forth herein, constitute unfair business practices in violation of 815 ILCS § 505/1 *et seq.* because they involve practices described in Section 2 of the Uniform Deceptive Trade Practices Act.

63.     Alternatively, the acts and practices engaged in by Defendants, as set forth herein, constitute unfair business practices in violation of 815 ILCS § 505/1 *et seq.* because they (a) offend public policy; (b) are immoral, unethical, oppressive, or unscrupulous; and/or (c) cause substantial injury to consumers.

64.     The aforesaid unfair acts and practices occurred in the course of conduct involving trade or commerce.

65.     Defendants intended that Plaintiff and the Class members rely on the aforesaid unfair acts and practices.

66.     As a direct and proximate result of the aforesaid violations of the Illinois Consumer Fraud and Deceptive Business Practices Act, Plaintiff and the Class have suffered an ascertainable loss of money and/or property in that they overpaid for the Class Products because they paid a price that was based on Defendants' material misrepresentations and concealments regarding the number of cups that can be made from the Class Products, in an amount to be proved at trial.

67.     Defendants continue to manufacture, label, market, advertise, and sell the Class Products with the misleading disclosure of the number of cups that can be made from the Class Products.

68.     815 ILCS § 505/10 permits the Court to enter injunctive relief to prevent Defendants' continued violation of the law by continuing to manufacture, label, market, advertise, and sell the Class Products with the misrepresentations described herein.

69.     Defendants' conduct constitutes a willful, wanton, and reckless disregard and indifference to Plaintiff and the Class members' rights, and an award of punitive damages is necssary to punish Defendants and deter others from like conduct in the future.

70.     Plaintiff has been forced to hire attorneys to enforce her rights under the Illinois Consumer Fraud and Deceptive Business Practices Act.

WHEREFORE, Plaintiff and the Class pray for the relief requested in the Prayer for Relief set forth below.

### COUNT II
### Violation of the Illinois Consumer Fraud and Deceptive Business Practices Act
### By Means of Deceptive Acts or Practices – 815 ILCS § 505/1 *et seq.*

71.     Plaintiff incorporates by reference each and every allegation set forth above as if fully set forth herein.

72.     Defendants' false statements, omissions, and misrepresentations described herein constitute deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of material facts in connection with the sale of merchandise in Illinois.

73.     The acts and practices engaged in by Defendants, as set forth herein, constitute deceptive and/or fraudulent business practices in violation of 815 ILCS § 505/1 *et seq.*

74.     The aforesaid fraudulent and deceptive acts and practices occurred in the course of conduct involving trade or commerce.

75.     Defendants intended that Plaintiff and the Class rely on the aforesaid deceptive advertising, acts and practices.

76.     As a direct and proximate result of the aforesaid violations of the Illinois Consumer Fraud and Deceptive Business Practices Act, Plaintiff and the Class have suffered an ascertainable loss of money and/or property in that they overpaid for the Class Products because they paid a price that was based on Defendants' material misrepresentations and concealments regarding the number of cups that can be made from the Class Products, in an amount to be proved at trial.

77.     Defendants continue to manufacture, label, market, advertise, and sell the Class Products with the misleading disclosure of the amount of cups that can be made from the Class Products.

78.     815 ILCS § 505/10 permits the Court to enter injunctive relief to prevent Defendants' continued violation of the law by continuing to manufacture, label, market, advertise, and sell  the Class Products with the misrepresentations described herein.

79.     Defendants' conduct as aforesaid was and continues to be wanton, willful, outrageous, and in reckless indifference to the rights of Plaintiff and others similarly situated and, therefore, warrants the imposition of punitive damages.

80.     Plaintiff has been forced to hire attorneys to enforce her rights under the Illinois Consumer Fraud and Deceptive Business Practices Act.

WHEREFORE, Plaintiff and the Class pray for the relief requested in the Prayer for Relief set forth below.

## COUNT III
## Unjust Enrichment

81.     Plaintiff incorporates by reference each and every allegation set forth above as if fully set forth herein.

82.     Plaintiff and the Class members conferred a monetary benefit on Defendants when they paid for the Class Products.

83.     As set forth above, Defendants knowingly misrepresented and concealed material facts in connection with their manufacturing, labeling, marketing, advertising , and sales of the Class Products.

84.     As a direct and proximate result of Defendants' conduct, Plaintiff and the Class members overpaid for the Class Products because they paid a price that was based on Defendants' material misrepresentations and concealments regarding the number of cups that can be made from the Class Products.

85.     Defendants have retained Plaintiff's and the Class members' purchase price despite their knowing misrepresentations and concealments on the Class Products' labels.

86.     As a result, Defendants have been unjustly enriched at the expense of Plaintiff and the Class.

87.     Under principles of equity and good conscience, Defendants should not be permitted to retain the money gained through deceptive and fraudulent material misrepresentations and omissions in the manufacturing, labeling, marketing, advertising, and sale of the Class Products.

88.     Accordingly, Plaitniff and the Class seek full disgorgement and restitution of the amounts Defendants have retained as a result of the unlawful and/or wrongful conduct alleged herien, and amount which will be proved at trial.

WHEREFORE, Plaintiff and the Class pray for the relief requested in the Prayer for Relief set forth below.

## **PRAYER FOR RELIEF**

WHEREFORE Plaintiff, individually and on behalf of all others similarly situated, prays for relief as follows:

A.     an order from the Court certifying the Class pursuant to 735 ILCS § 5/2-801, *et seq.* and appointing Plaintiff as class representative and her counsel as Class Counsel;

B.     compensatory damages in an amount to be proved at trial;

C.     injunctive relief as permitted by law or equity, including, but not limited to, enjoining Defendants from continuing the unlawful practices as set forth herein and ordering Defendants to engage in a corrective advertising campaign;

D.     restitution and/or disgorgement, in an amount to be proved at trial;

E.     an award of punitive damages in such amount sufficient to punish Defendants and deter others from like conduct in the future pursuant to the Illinois Consumer Fraud and Deceptive Business Practices Act;

F.     Plaintiff's costs of suit, including reasonable attorneys' fees as provided by law;

G.     pre-judgment and post-judgment interest as provided under the law; and

H.     such other and further relief as this Court deems just and necessary.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury as to all issues stated herein, and all issues so triable.

Respectfully submitted,

**GOLDENBERG HELLER &
ANTOGNOLI, P.C.**

*/s/ Kevin P. Green*
Mark C. Goldenberg, #0990221
Thomas P. Rosenfeld, #06301406
Kevin P. Green, #06299905
2227 S. State Route 157
Edwardsville, IL 62025
Telephone:    618.656.5150
Facsimile:    618.656.6230
mark@ghalaw.com
tom@ghalaw.com
kevin@ghalaw.com

Richard S. Cornfeld, #0519391
Daniel S. Levy, #6315524
Law Office of Richard S. Cornfeld, LLC
1010 Market Street, Suite 1645
St. Louis, Missouri 63101
P. 314-241-5799
F. 314-241-5788
rcornfeld@cornfeldlegal.com
dlevy@cornfeldlegal.com

*Attorneys for Plaintiff*

# EXHIBIT B

JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Tayler Shelton | Supervalu Inc. and United Natural Foods, Inc. |

| **(b)** County of Residence of First Listed Plaintiff | Montgomery County, IL | County of Residence of First Listed Defendant | |
|---|---|---|---|
| | *(EXCEPT IN U.S. PLAINTIFF CASES)* | *(IN U.S. PLAINTIFF CASES ONLY)* | |
| | | NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED. | |

| **(c)** Attorneys *(Firm Name, Address, and Telephone Number)* | Attorneys *(If Known)* |
|---|---|
| Mark C. Goldenberg<br>Goldenberg Heller & Antognoli, PC<br>2227 South State Route 157<br>Edwardsville, IL 62025 Tel: (618) 656-5150 | William F. Northrip<br>Shook, Hardy & Bacon L.L.P.<br>111 S. Wacker Drive, Suite 4700<br>Chicago, IL 60606 Tel: (312) 704-7700 |

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1 U.S. Government Plaintiff

☐ 2 U.S. Government Defendant

☐ 3 Federal Question *(U.S. Government Not a Party)*

☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br>☐ 362 Personal Injury - Medical Malpractice | **PERSONAL INJURY**<br>☐ 365 Personal Injury - Product Liability<br>☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☒ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 835 Patent - Abbreviated New Drug Application<br>☐ 840 Trademark<br>☐ 880 Defend Trade Secrets Act of 2016<br>**SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)) | ☐ 375 False Claims Act<br>☐ 376 Qui Tam (31 USC 3729(a))<br>☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 480 Consumer Credit (15 USC 1681 or 1692)<br>☐ 485 Telephone Consumer Protection Act<br>☐ 490 Cable/Sat TV<br>☐ 850 Securities/Commodities/ Exchange<br>☐ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts<br>☐ 893 Environmental Matters<br>☐ 895 Freedom of Information Act<br>☐ 896 Arbitration<br>☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision<br>☐ 950 Constitutionality of State Statutes |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | **LABOR** | **FEDERAL TAX SUITS** | |
| ☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | ☐ 440 Other Civil Rights<br>☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/ Accommodations<br>☐ 445 Amer. w/Disabilities- Employment<br>☐ 446 Amer. w/Disabilities- Other<br>☐ 448 Education | **Habeas Corpus:**<br>☐ 463 Alien Detainee<br>☐ 510 Motions to Vacate Sentence<br>☐ 530 General<br>☐ 535 Death Penalty<br>**Other:**<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br>☐ 560 Civil Detainee - Conditions of Confinement | ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Management Relations<br>☐ 740 Railway Labor Act<br>☐ 751 Family and Medical Leave Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Employee Retirement Income Security Act<br>**IMMIGRATION**<br>☐ 462 Naturalization Application<br>☐ 465 Other Immigration Actions | ☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS—Third Party 26 USC 7609 | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☐ 1 Original Proceeding

☒ 2 Removed from State Court

☐ 3 Remanded from Appellate Court

☐ 4 Reinstated or Reopened

☐ 5 Transferred from Another District *(specify)*

☐ 6 Multidistrict Litigation- Transfer

☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. §§ 1332(d) , 1441, 1446, 1453

Brief description of cause:
Alleged mislabeling of coffee products.

## VII. REQUESTED IN COMPLAINT:

☒ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:

JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE Gilbert C. Sison

DOCKET NUMBER 3:21-cv-199-GCS

DATE April 23, 2021

SIGNATURE OF ATTORNEY OF RECORD /s/ William F. Northrip

American LegalNet, Inc.<br>www.FormsWorkFlow.com

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____


American LegalNet, Inc.
www.FormsWorkFlow.com

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)**    **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)**    **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)**    **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**    **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.**    **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.**    **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: <u>Nature of Suit Code Descriptions</u>.

**V.**    **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.**    **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

**VII.**    **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**    **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.


American LegalNet, Inc.
www.FormsWorkFlow.com

Continuation Sheet

Section l(c) Plaintiff Attorneys

Thomas P. Rosenfeld
Kevin P. Green
GOLDENBERG, HELLER & ANTOGNOLI, PC
2227 South State Route 157
Edwardsville, IL 62025
618-656-5150

Richard S. Cornfeld
Daniel S. Levy
Law Office of Richard S. Cornfeld, LLC
1010 Market Street, Suite 1645
St. Louis, MO 63101
314-241-5799

# EXHIBIT C

STATE OF ILLINOIS
IN THE CIRCUIT COURT OF THE THIRD JUDICIAL CIRCUIT
MADISON COUNTY
155 N. Main St., Edwardsville, IL 62025

**SUMMONS**

#59187

TAYLER SHELTON, individually and on
behalf of all others similarly situated,

       PLAINTIFF

vs.                                                                          Case No. 2021-L-296

SUPERVALU INC., and UNITED NATURAL
FOODS, INC.

       DEFENDANTS

Defendant:      SUPERVALU INC.
               c/o CT Corporation System, registered agent
               208 So LaSalle Street, Suite 814
               Chicago, IL 60604

      YOU ARE SUMMONED and required to file an answer in this case or otherwise file your appearance, in the office of the clerk of this court at MADISON COUNTY COURTHOUSE, 155 N. MAIN, EDWARDSVILLE, IL 62025, within 30 days after service of this summons, not counting the day of service. IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF ASKED IN THE COMPLAINT. * E-filing is now mandatory with limited exemptions. To e-file, you first create an account with an e-filing service provider. Visit **https://efile.illinoiscourts.gov/service-providers.htm** to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit **http://www.illinoiscourts.gov/FAQ/gethelp.asp** or talk with your local circuit clerk's office. If you cannot e-file, you may be able to get an exemption that allows you to file in-person or by mail. Ask your circuit clerk for more information or visit www.illinoislegalaid.org. If you are unable to pay your court fees, you can apply for a fee waiver. For information about defending yourself in a court case (including filing an appearance or fee waiver), or to apply for free legal help, go to www.illinoislegalaid.org. You can also ask your local circuit clerk's office for a fee waiver application.

To the officer:

      This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed. This summons may not be served later than 30 days after its date. 3/23/2021

Witness: THOMAS MCRAE the Clerk of said Circuit Court and the seal thereof, on _____

               THOMAS MCRAE
               CLERK OF THE CIRCUIT COURT
                    KEJ
               BY:_____
                       Deputy Clerk

(Plaintiff's attorney or plaintiff if he/she is not represented by an attorney)
KEVIN P. GREEN, #6299905
GOLDENBERG, HELLER & ANTOGNOLI, P.C.
2227 SOUTH STATE ROUTE 157
EDWARDSVILLE, IL 62025

Date of Service:_____, 2021
(To be inserted by officer on copy left with defendant or other person)
*(Defendant must appear not less than 7 or more than 40 days after issuance of the summons)

**STATE OF ILLINOIS**
**IN THE CIRCUIT COURT OF THE THIRD JUDICIAL CIRCUIT**
**MADISON COUNTY**

## SUMMONS

TAYLER SHELTON, individually and on
behalf of all others similarly situated,

      PLAINTIFF

vs.                                                                           Case No. 2021-L-296

SUPERVALU INC., and UNITED NATURAL
FOODS, INC.

      DEFENDANTS

Defendant:      UNITED NATURAL FOODS, INC.
            c/o Corporation Trust Company, registered agent
            Corporation Trust Center
            1209 Orange Street
            Wilmington, DE 19801

      YOU ARE SUMMONED and required to file an answer in this case or otherwise file your appearance, in the office of the clerk of this court at MADISON COUNTY COURTHOUSE, 155 N. MAIN, EDWARDSVILLE, IL 62025, within 30 days after service of this summons, not counting the day of service.  IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF ASKED IN THE COMPLAINT. * E-filing is now mandatory with limited exemptions.  To e-file, you first create an account with an e-filing service provider.  Visit **https://efile.illinoiscourts.gov/service-providers.htm** to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit **http://www.illinoiscourts.gov/FAQ/gethelp.asp** or talk with your local circuit clerk's office.  If you cannot e-file, you may be able to get an exemption that allows you to file in-person or by mail.  Ask your circuit clerk for more information or visit www.illinoislegalaid.org.  If you are unable to pay your court fees, you can apply for a fee waiver. For information about defending yourself in a court case (including filing an appearance or fee waiver), or to apply for free legal help, go to www.illinoislegalaid.org.  You can also ask your local circuit clerk's office for a fee waiver application.

To the officer:

      This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service.  If service cannot be made, this summons shall be returned so endorsed.  This summons may not be served later than 30 days after its date.

Witness: THOMAS MCRAE the Clerk of said Circuit Court and the seal thereof, on _____  3/23/2021

                            THOMAS MCRAE
                            CLERK OF THE CIRCUIT COURT
                            **KEJ**
                          BY:_____
                                Deputy Clerk

(Plaintiff's attorney or plaintiff if he/she is not represented by an attorney)
KEVIN P. GREEN, #6299905
GOLDENBERG, HELLER & ANTOGNOLI, P.C.
2227 SOUTH STATE ROUTE 157
EDWARDSVILLE, IL 62025

Date of Service:_____, 2021
(To be inserted by officer on copy left with defendant or other person)
*(Defendant must appear not less than 7 or more than 40 days after issuance of the summons)